# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA BERNARDINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2168 |
| | § | |
| PENNYMAC CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER

**I.  Background**

This is a mortgage foreclosure case.  In May 2000, the plaintiff, Maria Ester Bernardino, refinanced the mortgage on her property with a home equity loan from Travelers Bank & Trust.  The loan was secured by a deed of trust in the property.  In March 2011, the loan was assigned to the defendant, PennyMac.  PennyMac is the holder and servicer of the loan.  In July 2010, the plaintiff failed to make loan payments and defaulted on the loan.  She has not cured the default.

After notifying the plaintiff of her default and its intent to accelerate the loan, PennyMac filed an application for a home-equity foreclosure in state court.  On July 23, 2013, the state court granted the application.  The order permitting foreclosure was set aside when the plaintiff filed suit in state court against PennyMac in November 2013.  The plaintiff non-suited this lawsuit in April 2014.

The plaintiff failed to cure the default, and PennyMac again filed an application to foreclose in state court.  On May 30, 2014, before the state court acted on PennyMac's application to foreclose, the plaintiff filed this action in state court.  On July 25, 2014, PennyMack counterclaimed, seeking a court order granting it the right to foreclose.

PennyMac filed a notice of removal on July 29, 2014. (Docket Entry No. 1). On August 5, 2014, the plaintiff filed a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1). (Docket Entry No. 2). The plaintiff contends that dismissal should be without prejudice to refiling. On August 15, 2014, the plaintiff answered PennyMac's counterclaim. (Docket Entry No. 5).

The issue here is whether the plaintiff's dismissal is with or without prejudice. Based on the pleadings, the notice of dismissal, and the applicable law, this court dismisses the plaintiff's suit with prejudice. The reasons for this ruling are explained below.

**II.      Voluntary Dismissal Under Rule 41**

Federal Rule of Civil Procedure 41(a)(1)(B) governs whether the plaintiff's suit should be dismissed with or without prejudice. Rule 41's so called "two-dismissal rule" provides:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action [here, the November 2013 suit] based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

FED. R. CIV. P. 41(a)(1)(B); *Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP*, No. 13-40912, 2014 WL 3043727, at *1 (5th Cir. July 7, 2014) (unpublished).

The plaintiff has filed two lawsuits seeking to prevent PennyMac from foreclosing. The first suit was filed in November 2013 and helped the plaintiff avoid foreclosure. It was non-suited on April 4, 2014. Less than two months later, the plaintiff filed the second suit, again seeking to prevent PennyMac from foreclosing. The plaintiff filed her notice of voluntary dismissal on August 5, 2014.

Because the plaintiff dismissed her first action, the dismissal of the second action will constitute an adjudication on the merits if it was based on the same claim as the first. That

requirement is satisfied here. Both of the lawsuits seek the same relief—preventing PennyMac from foreclosing. The two-dismissal rule applies. The plaintiff's August 5, 2014 notice of dismissal constituted an adjudication on the merits.[1] The plaintiff's action is dismissed, with prejudice.

SIGNED on August 18, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] The plaintiff "could have avoided the two-dismissal rule by choosing to file a stipulation of dismissal signed by all parties." *Cabot Golf*, 2014 WL 3043727, at *2 n.8. PennyMac, however, did not sign the dismissal. This exception to the two-dismissal rule does not apply.